# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

MICHAEL MINOR,            )
#255855,                  )
                          )   CIVIL ACTION NO. 9:15-109-JMC-BM
            Petitioner,   )
                          )
v.                        )   **REPORT AND RECOMMENDATION**
                          )
WARDEN LEROY CARTLEDGE,   )
                          )
            Respondent.   )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on January 6, 2015.[1]

The Respondent filed a return and motion for summary judgment on May 19, 2015. As the Petitioner is proceeding pro se, a Roseboro order was filed on May 21, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on June 22, 2015.

---

[1]Filing date under Houston v. Lack, 487 U.S. 266, 270-276 (1988).



This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in Greenwood County in March 2007 for trafficking in methamphetamine 10-28 grams, 3rd offense [Indictment No. 07-GS-24-416]. See Court Docket No. 20-1, pp. 5, 9.[3] Petitioner was represented by Janna A. Nelson, Esquire. On February 27, 2008, Petitioner pled guilty to the lesser offense of trafficking in methamphetamine, 10 to 28 grams, 2nd offense and was sentenced to fifteen (15) years imprisonment.[4] See Court Docket No. 20-1, pp. 3-12. Petitioner did not appeal his conviction and/or his sentence.

On July 28, 2008, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Minor v. State of South Carolina, No. 2008-CP-24-0823. See Court Docket No. 20-1, pp. 15-21. Petitioner alleged ineffective assistance of counsel. See Court Docket No. 20-1, p. 17. Petitioner was represented in his APCR by John D. Compton III, Esquire, and an evidentiary hearing was held on Petitioner's application on April 2, 2009. See Court Docket No. 20-1, pp. 22-75. By order dated April 28, 2009, and filed May 15, 2009, the PCR judge denied Petitioner's requested relief in its entirety. See Court Docket No. 20-1, pp.76-82. Again Petitioner did not appeal.

On November 29, 2010, Petitioner filed a second application for post-conviction relief

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The page numbers reference the filed copy page numbers, which do not correspond with the courtesy copy page numbers.

[4]Respondent notes that Petitioner was facing a minimum mandatory 25 years without parole up to a maximum of 30 years without parole on the indicted offense of trafficking in methamphetamine 10-28 grams, 3rd offense. See Court Docket No. 20, p. 2, n. 1.



2

("APCR") in state circuit court. Minor v. State of South Carolina, No. 2010-CP-24-1547. See Court Docket No. 20-1, pp. 84-97. In this APCR, Petitioner alleged numerous claims including ineffective assistance of PCR counsel for failing to file an appeal of his first APCR. See Court Docket No. 20-1, p. 86. Petitioner was represented in his second APCR by David Belding, Esquire, and an evidentiary hearing was held on the matter on March 12, 2012. See Court Docket No. 20-1, pp. 115-183. In an order dated April 16, 2012, and filed May 1, 2012, the PCR court denied and dismissed the PCR application with prejudice, except for granting a belated PCR appeal pursuant to Austin v. State, 409 S.E.2d 395 (S.C. 1991). See Court Docket No. 20-1, pp. 187-191.

Petitioner then filed an appeal of the PCR court's order. Petitioner was represented on appeal by Robert M. Pachak of the South Carolina Commission on Indigent Defense, and raised the following issue:

> Whether there was any evidence to support the PCR judge's findings that petitioner was entitled to a belated review of the denial of his first PCR application?

See Petition, p. 2. (Court Docket No. 20-2, p. 3)

Petitioner's counsel also filed a separate Amended Johnson[5] petition pursuant to Austin that same day presenting the following question from the first PCR action:

> Whether petitioner's guilty plea was knowingly and voluntarily entered when plea counsel failed to review discovery with petitioner?

See Petition, p. 2. (Court Docket No. 20-4, p. 3)

On May 7, 2014, the South Carolina Supreme Court granted the petition seeking review, but otherwise denied relief on the issue presented and granted counsel's request to be

---

[5]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).



relieved.  See Court Docket No. 20-5.  The Remittitur was sent down on May 23, 2014.  See Court Docket No. 20-6.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following ground:

**Ground One:** Involuntary guilty plea based upon ineffective assistance of counsel.

Supporting facts: Guilty plea counsel failed to review discovery with Petitioner prior to Petitioner entering guilty plea.

See Petition, p. 6.

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies.  This limitations period is



part of the AEDPA,[6] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition falls under § 2244(d)(1)(A).

Since Petitioner did not appeal his conviction or sentence, his state court convictions became final on March 10, 2008.[7] See SCACR Rule 203(b)(2); see also Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001) [Limitations period runs from the date on which the criminal judgment against petitioner "became final by the conclusion of direct review or the expiration of the time to seek such review."](quoting 28 U.S.C. § 2244(d)(1)(A)).  By the time Petitioner then filed his first APCR on July 28, 2008, one hundred and forty (140) days of non-tolled time had passed from when his conviction became final.  The time limitations period was thereafter tolled during the pendency

---

[6]Antiterrorism and Effective Death Penalty Act of 1996.

[7]Since ten (10) days after Petitioner's guilty plea and sentencing on February 27, 2008, was a Saturday, March 8, 2008, Petitioner had until the following Monday, March 10, 2008, to file his appeal.



of Petitioner's first APCR. However, when Petitioner did not timely perfect an appeal of the dismissal of his first APCR, the dismissal of this APCR became final for limitations purposes, at the latest, on June 15, 2009.[8] Petitioner then had until January 26, 2010 (365 days - 140 days = 225 days) to timely file his federal habeas petition. However, Petitioner did not file this federal habeas petition until January 6, 2015, by which time almost another five years of additional non-tolled time had accrued since the final disposition of his first APCR. Hence, Petitioner failed to timely file this federal petition, and he is therefore barred from seeking federal relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris v. Hutchinson, 209 F.3d 325, 327–328 (4th Cir. 2000).

While habeas Petitioners may sometimes be entitled to equitable tolling of the limitations period, Petitioner has not presented any equitable tolling arguments. Rather, he contends that his petition was timely filed. See Petition, p. 14; see also Memorandum in Opposition, p. 2.

---

[8] It not clear whether the limitations period is tolled under 28 U.S.C. § 2244 for the time period in which a petitioner *could have*, but did not, seek an appeal of a PCR court order. The tolling of Petitioner's PCR time period is based on 28 U.S.C. § 2244(d)(2), which provides that the statute is tolled during the time the post-conviction or collateral petition is *pending.* See 28 U.S.C. § 2244; Ballenger v. Mauney, No. 07-496, 2008 WL 725546 at * 3 (D.S.C. Mar. 17, 2008)[Where Petitioner did not seek appellate review, the PCR order was final on the date that it was issued]. Therefore, it is arguable that the time is not tolled during the time period to seek an appeal unless Petitioner actually pursues an appeal. However, there is also authority to support that the time should be tolled during this time period even if Petitioner does not appeal the PCR court order. Gibson v. Klinger, 232 F.3d 799, 803-804 (10th Cir. 2000)["[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which petitioner *could have* sought an appeal under state law."]. In that event, the time to file an appeal in Petitioner's state APCR was thirty (30) days. Rule 203(b)(1), SCACR. Since, even assuming that the time period was tolled during this time, it would not affect the outcome in this case, the undersigned has given Petitioner the benefit of tolling the statute for this thirty (30) day period (the order of dismissal was filed on May 15, 2009. Since thirty (30) days after that date was a Sunday, June 14, 2009, Petitioner had until June 15, 2009, to file his appeal).



Petitioner contends that the filing of his second APCR affects his limitations period. However, by the time Petitioner filed his second APCR on November 29, 2010, the time for him to file his federal habeas petition had already expired. Further, although Petitioner was granted a belated Austin appeal of the dismissal of his first APCR as a result of this second APCR, the granting of a belated appeal does not make Petitioner's current petition timely filed. In Jimenez v. Quarterman, 555 U.S. 113, 115-121 (2009), the Supreme Court held that when a state court grants a criminal defendant the right to file an out-of-time *direct appeal* during state collateral review, before the defendant has first sought federal habeas relief, the date of finality of the conviction and the commencement of the limitations period is the conclusion of the out-of-time appeal, or the expiration of time for seeking review of that appeal. However, a subsequent motion for a belated appeal in a *state PCR action,* which is what has occurred here, does not retroactively toll the statute back to the filing date of the original APCR. See Streu v. Dormine, 557 F.3d 960, 966 (8th Cir. 2009)[application is *not* considered pending between the expiration of time to appeal state post-conviction or other collateral relief order and the filing of a petition for a belated appeal]; Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)[holding a motion seeking a belated appeal in Florida state court did not revive an expired AEDPA]; Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001)[holding that after the appeal period has lapsed, an application for further appellate review ceases to be "pending" for purposes of calculating federal habeas corpus tolling provision]; Gibson v. Klinger, 232 F.3d 799, 804-808 (10th Cir. 2000)[concluding that a "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court]; Fernandez v. Sternes, 227 F.3d 977, 981 (7th Cir. 2000)[holding that while a state process may be reviewed after the time to seek further review has expired, "the prospect of revival does not make a case 'pending' in the interim."]; Small



v. Norris, No. 08-273, 2009 WL 1529463 at *2 (E.D.Ark. June 1, 2009)[Time period between the expiration of time to file an appeal and the filing of a motion for a belated appeal is not tolled under § 2244]; McMillan v. Secretary of Dep't of Corrections, 257 Fed.Appx. 249 at * 1 (11th Cir. 2007)[Time period was not tolled during the time period between the conclusion of Petitioner's PCR action and the filing of Petitioner's second PCR action even though Petitioner was granted a belated PCR appeal]; Coulter v. Kelly, No. 01-1125 , 2015 WL 1470076 at **8-10 (W.D.Ark. Mar. 31, 2015)[same]; Drew v. Superintendent, MCI - Shirley, 607 F.Supp.2d 277, 282-283 (D.Mass. Apr. 10, 2009)[same]. Cf. Allen v. Mitchell, 276 F.3d 183, 186 (4th Cir. 2001)[agreeing with the Fifth, Seventh, and Tenth Circuits that "nothing" is 'pending' for purposes of § 2244(d)(2) when the time for seeking review [on a particular petition for state habeas relief] has elapsed and there is no application under consideration by the state court."]; Baxley v. McCall, No. 13-2198, 2014 WL 3687427 at ** 2, 10 n. 6 (D.S.C. July 23, 2014)[noting that counsel's failure to file for a belated appeal would not have prevented the petition from being untimely, because the filing of a motion for a belated appeal of a state PCR action does not retroactively toll the statute back to the filing of the original PCR].

Accordingly, Petitioner is not entitled to a tolling of the federal habeas filing period during the time period in which he had no petition pending after the dismissal of his first APCR. As such, Petitioner failed to timely file this federal petition, and he is therefore barred from seeking federal relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review of properly filed petition tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Harris, 209 F.3d at 327-328.



**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

							_____
							Bristow Marchant
							United States Magistrate Judge

July 31, 2015
Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

