**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Michael Minor, #255855, ) | |
| ) | Civil Action No.: 9:15-cv-00109-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, proceeding *pro se,* brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the magistrate judge's Report and Recommendation ("Report"), [ECF No. 25], filed on July 31, 2015, recommending that Respondent's Motion for Summary Judgment [ECF No. 35] be granted and Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] be dismissed, with prejudice. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the magistrate judge's recommendation herein without a recitation.

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with

1

instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file an objection to the Report "within fourteen (14) days of the date of service" or by August 17, 2015 [ECF No. 25]. Petitioner delivered his objection to the prison mailroom authorities on August 19, 2015 [ECF 27]. Petitioner therefore failed to file a timely objection. *See Houston v. Lack,* 487 U.S. 266, 270–71 (1988) (concluding that a prisoner's habeas pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

Even if Petitioner had timely filed his objection to the Report, it is without merit. First, Petitioner rightly contends that 28 U.S.C. § 2254(d)(2) governs the tolling of the statute of limitations during the pendency of post-conviction relief ("PCR") proceedings. (*See* ECF 27 at 1–2.) The magistrate judge, after determining that Petitioner's state court convictions became final on March 10, 2008 under § 2254(d)(1)(A), did apply § 2254(d)(2) and properly accounted for the pendency of Petitioner's post-conviction relief proceedings in calculating the tolling. (*See* ECF 25 at 4–6.) For his second argument, Petitioner relies wholly on language of the magistrate judge's recommendation in *McHoney v. South Carolina*, 518 F. Supp. 2d 700, 713–14 (D.S.C. 2007). (*See* ECF 27 at 2–3.) However, the final District Court Order in *McHoney* expressly denied that recommendation and held: "After the time in which to appeal lapsed, Petitioner's application for further appellate review ceased to be 'pending' for purposes of calculating the tolling of the federal limitations period." *McHoney*, 518 F. Supp. 2d at 705–6. The magistrate judge correctly applied the same rationale of that holding to this case. (*See* ECF 25 at 7–8.)

Thus, after a thorough and careful review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law in this case. The court **ADOPTS**

the magistrate judge's Report and Recommendation [ECF No. 25]. It is therefore **ORDERED** that Respondent's Motion for Summary Judgment [ECF. No. 19] is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus [ECF. No. 1] is **DISMISSED**, with prejudice.

### CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 26, 2015
Beaufort, South Carolina